Donald McDONALD, Appellant,

v.

James E. LUCKETT, Commissioner of Revenue, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Louis Seelbach, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Bradford T. Garrison, Asst. Atty. Gen., for appellees.

CLAY, Commissioner.

We have before us an income tax question. The circuit court dismissed an appeal from an order of the Kentucky Tax Commission directing the payment of approximately $400 additional tax on the taxpayer's 1954 income.

In 1951 the taxpayer sustained a substantial loss from the sale of capital assets. Under the federal income tax law a part of that loss could be off-set against capital gains for that year, and the unused portion of the capital loss could be carried over for five succeeding years, to be off-set against succeeding net capital gains.

In 1951 the Kentucky income tax statute did not recognize capital gains and losses, as such, in the computation of taxable net income. However, in 1954, Acts 1954, c. 79, the Kentucky income tax law was revised to conform more closely to the federal law. Under KRS 141.050 it was provided "computations of income for purposes of this chapter shall be as nearly as practicable identical with the calculations required for Federal income tax purposes". KRS 141.-010(9), defining terms, provides, with certain exceptions not here applicable, " 'net income,' in the case of taxpayers other than corporations, means the same as net income defined under Section 21 of the Internal Revenue Code * * *."

Section 21 of the Federal Internal Revenue Code, 26 U.S.C.A. § 21 defined "net income" as gross income computed under section 22 less deductions allowed by section 23. Section 23(e) allowed as a deduction the capital loss carry-over with which we are here concerned.

It is the contention of the taxpayer that net income for the year 1954 under the Kentucky law must be computed as the net income under the federal law (with exceptions not important here), and since the federal law recognized a right to deduct the

unused portion of this 1951 capital loss in the year 1954, it must be similarly deductible under the Kentucky law. In substance the Commonwealth's argument is that the new Kentucky tax law of 1954 created a tax liability for transactions taking place in 1954 and thereafter, and to uphold appellant's contention would be to give a retroactive effect to the statute.

■■ On the face of it, and particularly in view of the fact that income tax computations under the state and federal laws were so entirely different in 1951, no reason is apparent why the legislature would permit the dredging up of old transactions for the purpose of determining taxable income under the new law. However, KRS 141.-010(9), standing alone, does seem to authorize such computation.

As militating against such interpretation, Acts 1954, c. 79, § 34, provides:

"Unless otherwise provided herein, the provisions of this Act shall be applicable to all taxpayers for all taxable years beginning on or after January 1, 1954. With respect to all taxable years beginning before January 1, 1954, the provisions of KRS Chapter 141, as they existed immediately prior to enactment of this Act, shall remain applicable, the same as though they had not been amended or repealed by this Act."

The obvious meaning of this provision is that income tax computations for years prior to 1954 are governed by the prior laws. Since under the statute effective in 1951 this capital loss was clearly extinguished as a computable item in determining income tax liability, to breathe new life into it under the new law would be contrary to the provision of the statute above quoted. We must construe this provision as limiting the scope of the definition contained in KRS 141.010(9).

It seems to us that the 1954 law made a clean break with the past, and the federal law formulas were to be used henceforth to the extent that they involved transactions

taking place in 1954 and thereafter. The tax commission and the circuit court correctly decided the issue.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

I think that the majority opinion is wrong, in that it places an unwarranted construction on Acts 1954, c. 79, § 34.

The majority opinion is based on the erroneous premise that the capital loss sought by appellant was extinguished as a computable item under the Kentucky income tax law in effect prior to 1954. This is not true since such law did not consider or recognize either capital gain or loss in such case. It was not within the purview of such statute; hence, it did not affect it any more than any other type of income or deduction that was not expressly mentioned in the statute. Acts 1954, c. 79, § 34 has been given an unjustified interpretation. Simply stated, this statute merely says that the old law applies to all taxable years prior to January 1, 1954, and the new Act applies to all taxable years beginning on or after January 1, 1954.

The 1954 Kentucky Act adopted the definition of "net income" as contained in Section 21 of the Internal Revenue Code, with certain variations not material here. The federal law defines "net income" as the sum total of various items which, for the purpose of illustration, are designated as A, B, C, D, E, and F, less deductions which are designated as G, H, I, and J. To illustrate further, let us consider I as representing Kentucky income tax paid in 1954 and J as capital loss. The question as to whether Kentucky income tax paid in 1954 should be considered arose when it was determined that its inclusion would result in a double deduction for that item. The Attorney General ruled that it was includible and deductible in determining net income as defined by Section 21, although provision already had been made on the Kentucky income tax return, which resulted in a double

deduction for this single item. The 1956 General Assembly, Acts 1956, 4th Ex. Sess., c. 4, corrected this error by eliminating the deduction.

Now, J, capital loss, is likewise questioned, but the Court, by its majority opinion, is making the correction in the statute which should be accomplished by legislative action as was done in 1956. The General Assembly has said that net income for federal purposes shall be the same as for Kentucky purposes. It is for the General Assembly to say how net income shall be determined and what items of income and deductions shall be considered in determining it.

MILLIKEN, J., joins in dissent.